**HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellant,**

v.

**Robert ROBINSON, Appellee.**

**No. 2201.**

Municipal Court of Appeals for the District of Columbia.

Argued June 9, 1958.

Decided Nov. 12, 1958.

**4.** Code 1951, Supp. VI, § 47–2404.

Norman Baum, Washington, D. C., with whom Irwin S. Landau, Washington, D. C., was on the brief, for appellant.

E. Lewis Ferrell, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Plaintiff, the appellant here, brought suit to recover a balance due on merchandise sold to defendant's wife. At the close of plaintiff's case the court granted defendant's motion to dismiss. This appeal is taken from that dismissal.

The testimony of plaintiff's three witnesses is substantially the same. They testified that defendant's wife applied for a charge account in the store in order to purchase some clothing. The sales contract signed by the wife bears the notation: "Hold Merchandise until 5:00 P.M. for husband's OK." Later that same day defendant went to the store and authorized the purchases, saying in effect that it was all right to sell his wife clothing, he knew the law made him responsible for her purchases. Defendant, however, refused to sign the contract. This testimony, together with the sales contract and ledger card received in evidence, completed plaintiff's case.

The statement of proceedings and evidence in the record is not confined to the present case, but contains information relating to prior proceedings between the litigants involving the same matter. It states that earlier, plaintiff had obtained a default judgment and in a subsequent hearing the court granted defendant's motion to set aside the judgment and quashed the attachment which had followed. The statement then narrates defendant's testimony at the hearing on the motion in which he not only denied being in plaintiff's store, but further testified that he had not authorized the purchases for the woman involved who he also claimed was not his wife.

None of the evidence introduced in prior proceedings was before the court in the case from which this appeal was taken. Plaintiff's case did not refer to the earlier hearings and, of course, the defendant did not offer any evidence. It therefore should not have been considered by the court in passing on the motion to dismiss. The record, however, contains an affidavit offered by defendant in the prior proceedings, and it is obvious that the court deemed defendant's earlier testimony of some significance since the statement of proceedings and evidence approved by the trial court relates it in detail. We are unable to determine how material this evidence was in affecting the court's judgment, and accordingly we reverse with instructions to grant a new trial.

It is so ordered.